CHANCE & McCANN, LLC
By: Michael J. Fioretti, Esq. (mf5014)
NJ Bar ID#025702003
201 West Commerce St.
P.O. Box 278
Bridgeton, NJ 08032
(856) 451-9100
Fax: (856) 455-5227
Attorneys for Plaintiff, Edward Eivich

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD EIVICH,<br><br>     Plaintiff,<br><br> v.<br><br>EAST GREENWICH TOWNSHIP,<br>MICHAEL E. ROBOSTELLO;<br>CHIEF OF POLICE ANTHONY<br>FRANCESCO;<br>STANLEY D. ATKINSON III;<br>JOHN DOES 1-10 (fictitious designation<br>for currently unidentified individuals);<br>ABC CORPORATIONS 1-10 (fictitious<br>designation for currently unidentified<br>entities).<br><br>     Defendants. | : : : : : : : : : : : : : : : : : : : : : Civil Action No.:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

## PARTIES

1. Plaintiff, Edward Eivich ("Plaintiff"), is a United States citizen residing at 561

Thackery Ct., Mickleton, County of Gloucester, State of New Jersey, 08056.

2. Defendant East Greenwich Township ("East Greenwich") is a designated

1

municipality, a part of the County of Gloucester, and formed and existing under the laws of the State of New Jersey with an address for service at 159 Democrat Rd., Mickleton, New Jersey 08056.

3. Defendants Michael E. Robostello ("Robostello") and John Does 1-5 were, at all times relevant hereto, police officers employed by East Greenwich and/or ABC Corporations 1-10, and, at all times relevant hereto, were acting in such capacity as the agent, servant, and/or employee of East Greenwich and/or ABC Corporations 1-10 under color of state law. Defendant Robostello has an address for service at 159 Democrat Rd., Mickleton, New Jersey 08056.

4. Defendants Chief of Police Anthony Francesco ("Francesco") and/or John Does 1-5 were, at all times relevant hereto, acting in supervisory capacities over Defendants Robostello and/or John Does 1-5 as the agent, servant and/or employee of East Greenwich and/or ABC Corporations 1-10 under color of state law. Francesco has an address for service at 159 Democrat Rd., Mickleton, New Jersey 08056. The Counts of this complaint naming Francesco as a defendant is brought against this defendant in his individual capacity based on his own personal involvement in the alleged wrongdoing.

5. At all times relevant hereto, East Greenwich and/or ABC Corporations 1-10 employed Defendant Robostello, Francesco, and John Does 1-5.

6. The Counts of this complaint naming Robostello and/or John Does 1-5 as defendants are brought against these defendants in their individual and official capacities.

7. Defendant Stanley D. Atkinson, III ("Stanley Atkinson") is an individual who resides at 31 Whiskey Mill Rd., Clarksboro, NJ 08020.

8. John Does 5-10 are currently unidentified individuals who are not employed by East Greenwich or another law enforcement agency/municipality who maybe liable to Plaintiff

2

for damages under any Count set forth herein.

## JURISDICTION AND VENUE

9. Jurisdiction is appropriate pursuant to 28 U.S.C. Sec. 1331. & 28 U.S.C. Sec. 1367.

10. Venue is appropriate pursuant to 28 U.S.C. Sec. 1391.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about September 21, 2019, Plaintiff went to visit the home of his brother in law, Andrew Melnychuck ("Melnychuk"), at 252 Genesee Rd., Clarksboro, New Jersey 08020.

12. At approximately 6:00 P.M., Plaintiff and Melnychuk observed a red ATV and a motorcycle racing up and down the street and otherwise operating the ATV and motorcycle recklessly in front of Melnychuk's home.

13. Melnychuk then proceeded towards the street and waved his hands in an effort to prevent the operators of the vehicles to continue driving in such a reckless fashion.

14. The operator of the motorcycle, who was later determined to be Cole Atkinson, proceeded directly towards Melnychuk at a fast rate of speed.

15. Cole Atkinson proceeded to drive the motorcycle towards Melnychuk and attempted to swerve around Melnychuk at the last minute (in essence playing a game of "chicken"), and lost control of the motorcycle.

16. A short period of time later, Robin Atkinson, upon information and belief, the mother of Cole and Stanley Atkinson, arrived at the location where Plaintiff and Melnychuk were.

17. Robin Atkinson approached Melnychuk and proceeded to strike him in the face, causing injuries.

18. Cole Atkinson then tackled Melnychuk from behind and proceeded to assault him

3

While Melnychuk was on the ground, causing further injuries.

19. Upon observing the situation, Plaintiff desired to prevent the continued assault of Melnychuk by Cole Atkinson and moved towards the location on the ground where Cole continued to punch Melnychuk.

20. Plaintiff did not take any aggressive actions towards Stanley Atkinson or any other individual.

21. Plaintiff was assaulted by Defendant Stanley Atkinson who knocked Plaintiff to the ground and punched him in the face and head repeatedly, causing injuries.

22. While Plaintiff was being assaulted by Defendant Stanley Atkinson, Defendant Robostello was at the location.

23. Defendant Robostello ordered Defendant Stanley Atkinson to separate from Plaintiff.

24. Plaintiff was ordered to get on the ground and he complied.

25. While Plaintiff was laying on his belly, Defendant Robostello jumped on Plaintiff and drove his knee in his back/ribs, causing injuries, including but not limited to, broken ribs and a partially collapsed lung.

26. Defendant Robostello then handcuffed Plaintiff and placed him in the rear of a patrol vehicle where Plaintiff was held against his will.

27. No charges were filed against the Plaintiff by any member of the East Greenwich Township Police Department for the events of September 21, 2019.

## COUNT ONE

## EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. Sec. 1983

28. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

29. The aforementioned acts, including but not limited to, driving a knee into the back and rib area of a complaint subject, constitute unreasonable and excessive force used by Robostello against Plaintiff under color of state law.

30. As a direct and proximate result of the unreasonable and excessive force used by Robostello against Plaintiff under color of state law, the Plaintiff was deprived of his right to be secure in his person against unreasonable seizures in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States of America and sustained damages, including but not limited to, physical injuries, severe emotional distress, lost wages, medical and other out of pocket expenses, and will continue to suffer additional special damages for some time to come.

**WHEREFORE,** Plaintiff demands judgment against Defendant Robostello on this Count together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further relief the court deems appropriate and just.

## COUNT TWO

## FALSE ARREST/IMPRISONMENT IN VIOLATION OF 42 U.S.C. Sec. 1983

31. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

32. The aforementioned acts set forth at length above constitute an arrest or detention of

the Plaintiff by Defendant Robostello and/or John Does 1-5 without legal or factual justification and without probable cause in violation of Plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments of the Constitution of the United States.

33. By reason of the above, Plaintiff was caused to suffer a deprivation of his Constitutional rights as described above and damages, including but not limited to, severe emotional distress, lost wages, medical and other out of pocket expenses, and will continue to suffer additional special damages for some time to come.

**WHEREFORE,** Plaintiff demands judgment against Defendant Robostello and/or John Does 1-5 on this Count, together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further relief the court deems appropriate and just.

## COUNT THREE

## ABUSE OF PROCESS IN VIOLATION OF 42 U.S.C. Sec. 1983

34. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

35. Defendants Robostello and/or John Does 1-5, made false statements of fact concerning their encounter with Plaintiff; falsified police and/or other official records, and mishandled and/or withheld evidence to initiate and/or pursue municipal court proceedings against Plaintiff for an improper purpose.

36. Defendants Robostello and/or John Does 1-5 knew that the municipal court charges brought against Plaintiff were groundless, and were pursued after initiated in order to shield themselves from discipline by their employer and/or civil and criminal liability.

37. As a direct and proximate result of the acts of Defendants Robostello and/or John

6

Does 1-5 as set forth herein, Plaintiff suffered a deprivation of liberty in violation of his right to be free from unlawful seizures guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States of America and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Robostello and/or John Does 1-5 on this Count, together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further relief the court deems appropriate and just.

## COUNT FOUR

## UNLAWFUL POLICY, PRACTICE OR CUSTOM/INADEQUATE TRAINING

38. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

39. Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10 were vested by law with the authority to make policy on the use of force, effecting arrests, police citizen encounters, investigation of complaints, and supervising and disciplining officers.

40. Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10 were responsible for the hiring, training, investigation, supervision, and/or discipline of Robostello and other officers in the proper use of force and/or were officers in charge when Plaintiff suffered a deprivation of his Constitutional rights as detailed above.

41. At all times mentioned herein, Defendants Robostello and/or John Does 1-5, as police officers, agents, servants, and/or employees of Defendant East Greenwich or ABC Corporations 1-10, were acting under the direction and control of Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10, and were acting pursuant to the unlawful policy, custom or practice of the East Greenwich Township Police Department.

7

42. Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10 intentionally, knowingly, recklessly and/or with deliberate indifference, failed to train, instruct, discipline, investigate, supervise, and/or otherwise adequately control Defendants Robostello and/or John Does 1-5 with respect to, including but not limited to, using unreasonable and excessive force; falsifying police reports and/or other official records; false arrest/imprisonment; and appropriate demeanor during police-citizen encounters.

43. Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10  were aware of prior incidents involving Robostello alleging misconduct and/or John Does 1-5 and other East Greenwich police officers, and failed to adequately investigate these prior incidents by conducting shallow and sterile investigations leading to arbitrary decisions to not discipline, recommend additional training, or take any other corrective measures against these officers.  In fact, despite Robostello's history of misconduct he was promoted to a supervisory position.

44. Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10 had the duty to prevent or aid in preventing the deprivation of the Plaintiff's Constitutional rights and could have done so with the appropriate instruction, training, investigation of prior complaints, supervision and/or discipline, and, by failing to do so, intentionally, recklessly, knowingly and/or with deliberate indifference breached its/their duty, tacitly approved the unlawful conduct of Robostello and/or John Does 1-10, and created an unlawful policy, practice and/or custom within the East Greenwich Township Police Department and/or the Police Departments of ABC Corporations 1-10.

45. As a direct and proximate result of the unlawful policy, practice, and/or custom

8

described above within the East Greenwich Township Police Department and/or ABC Corporations 1-10, Plaintiff suffered a deprivation of liberty guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America and additional damages, and will continue to suffer special damages in the future for some time to come.

**WHEREFORE,** Plaintiff demands judgment against Defendants East Greenwich, Francesco, John Does 1-5, and/or ABC Corporations 1-10 on this Count, together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further equitable and/or injunctive relief the court deems appropriate and just.

<u>**SUPPLEMENTAL STATE LAW CLAIMS**</u>

<u>**COUNT FIVE**</u>

<u>**VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT (NJCRA)**</u>

46. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

47. By virtue of the acts described above, the Defendants have also deprived the Plaintiff of the right to be free from unlawful seizures and liberty guaranteed by the New Jersey Constitution, Article I, through the use of excessive and unlawful force; false arrest/imprisonment; abuse of process, and/or unlawful policy, practice or custom, and/or inadequate training, in violation of <u>N.J.S.A.</u> 10:6-1, *et seq.* ("The New Jersey Civil Rights Act") .

48. In addition, as a direct and proximate result of these unconstitutional acts, the Plaintiff has suffered severe emotional distress and special damages and will continue to suffer in the future for some time to come.

**WHEREFORE,** Plaintiff demands judgment against Defendants on this Count, together

9

with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further equitable and/or injunctive relief the court deems appropriate and just.

## COUNT SIX

## ASSAULT AND BATTERY

49. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

50. Defendants Robostello, Stanley Atkinson, and/or John Does 1-10 committed an assault and battery of Plaintiff by using excessive and unreasonable force and thereby putting him in reasonable apprehension of serious and imminent bodily harm, and/or by failing to act to prevent such harm from occurring despite having a reasonable opportunity to do so.

51. As a result of the assault and battery of Plaintiff, he suffered significant physical injuries, emotional distress, lost wages, out of pocket expenses, and other special damages and will continue to suffer additional damages in the future for some time to come.

**WHEREFORE,** Plaintiff demands judgment against Defendants on this Count, together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further equitable and/or injunctive relief the court deems appropriate and just.

## COUNT SEVEN

## FALSE ARREST/IMPRISONMENT

52. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

53. Defendants Robostello and/or John Does 1-10, as agents, servants, and/or employees

10

of Defendants East Greenwich  and/or ABC Corporations 1-10, arrested and/or detained Plaintiff against his will and without adequate legal justification and/or for an unreasonable period of time.

54. As the employer of Defendants Robostello and/or John Does 1-10, Defendant East Greenwich  and/or ABC Corporations 1-10 are vicariously liable to Plaintiff.

55. Defendant Stanley Atkinson intentionally confined the Plaintiff without his consent by tackling Plaintiff to the ground and repeatedly striking him, restricting his movement.

56. As a result of the false arrest and/or false imprisonment of Plaintiff, he suffered physical injuries, significant emotional distress, lost wages, out of pocket expenses, and other special damages and will continue to suffer additional damages in the future for some time to come.

**WHEREFORE,** Plaintiff demands judgment against all Defendants on this Count, together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further equitable and/or injunctive relief the court deems appropriate and just.

## COUNT EIGHT

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

58. Defendants Robostello, Stanley Atkinson,and/or John Does 1-10 intentionally or recklessly acted in with a deliberate disregard of a high degree of probability that Plaintiff would be caused emotional distress.

59. Defendants Robostello, Stanley Atkinson, and/or John Does 1-10 acted in an extreme

11

and outrageous manner, that is, their conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in civilized society.

60. As a result of the conduct of Defendants Robostello, Stanley Atkinson, and/or John oes 1-10, the Plaintiff was caused to suffer extreme emotional distress that no reasonable person could be expected to endure same.

**WHEREFORE,** Plaintiff demands judgment against Defendants Robostello, Stanley Atkinson, and/or John Does 1-10, on this Count, together with compensatory and punitive damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further equitable and/or injunctive relief the court deems appropriate and just.

## COUNT NINE

## NEGLIGENCE

61. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

62. Defendants Robostello, Stanley Atkinson, and/or John Does 1-10 had a duty to act as an ordinary, reasonable, prudent person in preventing the plaintiff from suffering foreseeable harm.

63. As the result of the aforementioned acts set forth in detail above, Defendants Robostello, Stanley Atkinson, and/or John Does 1-10, breached their duty to Plaintiff.

64. As the result of Defendants Robostello, Stanley Atkinson, and/or John Does 1-10 breaching their duty to Plaintiff, the Plaintiff suffered damages.

65. At all times relevant hereto, Defendants Robostello and/or John Does 1-10 were

12

acting as the agents, servants, and/or employees of Defendants East Greenwich and/or ABC Corporations 1-10.

66. Defendants East Greenwich and/or ABC Corporations 1-10 are therefore vicariously liable on this Count for the damages suffered by Plaintiff that were caused by Robostello.

**WHEREFORE,** Plaintiff demands judgment against Defendants on this Count, together with compensatory damages, taxed costs and attorney's fees, prejudgment and post judgment interest, and for any such further equitable and/or injunctive relief the court deems appropriate and just.

## UNIVERSAL DEMAND FOR PROSEPECTIVE INJUNCTIVE RELIEF

67. Plaintiff hereby incorporates by reference each and every allegation raised in this Complaint as if set forth at length herein.

68. Pursuant to 42 U.S.C. Sec. 1983, the NJCRA, and/or the common law of the State of New Jersey, in the event that there exists no adequate remedy at law, the Plaintiff demands prospective injunctive relief against the Defendants as follows:

     a. An Order declaring that there exists an unlawful policy, practice, and/or custom within the East Greenwich Township Police Department and/or ABC Corporations 1-10.

     b. An Order compelling Defendants East Greenwich and/or ABC Corporations 1-10 to implement a system whereby prompt and appropriate disciplinary action is taken against any officer who engages in excessive force, false arrest, malicious prosecution, and/or abuse of process against citizens.

     c. An Order permanently restraining and enjoining Defendants East Greenwich, and/or ABC Corporations 1-10 from employing Defendant Robostello and/or

13

John Does 1-10 as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to East Greenwich Township Police headquarters and limiting them to desk duty.

d. An Order enjoining Defendant Robostello and/or John Does 1-10 from any patrol duty, making arrests, assisting in making arrests, and/or using any force against citizens.

e. For any further relief the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

## DESIGNATION OF TRIAL COUNSEL

Kevin P. McCann, Esq. is hereby designated as lead trial counsel for Plaintiff.

CHANCE & McCANN, LLC
Attorneys for Plaintiff

By: _____
MICHAEL L. FIORETTI (mf5014)

Dated: June 3, 2020

14