**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EDWARD EIVICH,

            Plaintiff,

    v.

EAST GREENWICH TOWNSHIP,
MICHAEL E. ROBOSTELLO, CHIEF
OF POLICE ANTHONY FRANCESCO,
STANLEY D. ATKINSON III,

            Defendants.

1:20-cv-06851-NLH-AMD

**OPINION**

**APPEARANCES**:

MICHAEL J. FIORETTI
KEVIN P. MCCANN
CHANCE & MCCANN
201 W COMMERCE ST
PO BOX 278
BRIDGETON, NJ 08302

    *On behalf of Plaintiff*

WILLIAM F. COOK
BROWN & CONNERY
360 HADDON AVENUE
WESTMONT, NJ 08108

    *On behalf of Defendants East Greenwich Township, Michael E.*
    *Robostello, Chief of Police Anthony Francesco*

JOHN P MORGENSTERN
O'HAGAN MEYER
FORRESTAL VILLAGE
116 VILLAGE BOULEVARD
SUITE 200
PRINCETON, NJ 08540

    *On behalf of Defendant Stanley D. Atkinson III*

**HILLMAN**, District Judge

This matter concerns civil rights and state law claims by Plaintiff arising from an incident outside his brother-in-law's house involving a speeding ATV and motorcycle.  Plaintiff alleges he and his brother-in-law were assaulted by the mother and brother of the motorcycle driver and a responding East Greenwich police officer.  Presently before the Court is a motion by the motorcycle driver's brother, Defendant Stanley D. Atkinson III, seeking to dismiss several of Plaintiff's claims. For the reasons expressed below, Atkinson's motion will be granted in part and denied in part.

**BACKGROUND**

According to his complaint, at 6:00 p.m. on September 21, 2019, Plaintiff, Edward Eivich, was visiting the home of his brother-in-law, Andrew Melnychuck, in Clarksboro, New Jersey, when they saw a red ATV and a motorcycle racing up and down the street recklessly in front of Melnychuk's home.  Melnychuk went into the street, waving his hands in an effort to prevent the operators of the vehicles from continuing to drive in such a reckless fashion.  The operator of the motorcycle, Cole Atkinson, proceeded directly towards Melnychuk at a fast rate of speed, and in a game of "chicken," swerved at the last minute. Cole Atkinson lost control of the motorcycle.

Robin Atkinson, Cole's mother, ran up to Melnychuk and hit

him.  Cole tackled Melnychuk from behind and continued to assault him while he was on the ground.  In an effort to stop Cole from punching Melnychuk, Plaintiff approached them.  As Plaintiff approached, Robin's son and Cole's brother, Defendant Stanley D. Atkinson III, knocked Plaintiff to the ground and punched him in the face and head repeatedly.

While Plaintiff was on the ground and being assaulted by Stanley Atkinson, Defendant Michael E. Robostello, an East Greenwich, New Jersey police officer arrived at the scene. Robostello ordered Stanley Atkinson to separate from Plaintiff, and ordered Plaintiff to get on the ground.[1]  Plaintiff complied. While Plaintiff was lying face down, Robostello jumped on Plaintiff and drove his knee in his back and ribs, causing injuries including broken ribs and a partially collapsed lung. Robostello handcuffed Plaintiff and placed him in the rear of a patrol vehicle.  No charges were filed against Plaintiff.

Plaintiff has filed a nine-count complaint against Defendants Stanley Atkinson, Robostello, East Greenwich Township, and Anthony Francesco, Chief of the East Greenwich Police Department, asserting claims for violations of his rights

---

[1] Plaintiff claims he was knocked to the ground by Stanley Atkinson, but based on Plaintiff's allegations it appears that at some point during the alleged assault Plaintiff must have stood up prior to Robostello ordering the parties to separate and Plaintiff to the ground.

under the Fourth and Fourteenth Amendments of the U.S. Constitution, the New Jersey Civil Rights Act ("NJCRA"), and for the common law torts of false arrest, false imprisonment, assault and battery, negligence, and intentional infliction of emotional distress.  Atkinson has moved to dismiss Plaintiff's NJCRA, false arrest/false imprisonment, and intentional infliction of emotional distress ("IIED") claims.[2]  Plaintiff has opposed Atkinson's motion with regard to his false imprisonment and IIED claims.

## DISCUSSION

### A.   Subject matter jurisdiction

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### B.   Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well

---

[2] Atkinson has not moved to dismiss Plaintiff's assault and battery and negligence counts.  The East Greenwich defendants filed their answer to Plaintiff's complaint on August 21, 2020. (Docket No. 5.)

settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations,

quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.

1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment
motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

## C.  Analysis

### 1.  *Plaintiff's NJCRA count*

Plaintiff's complaint asserts a count for the violation of
the NJCRA, N.J.S.A. 10:6-1 et seq., which was modeled after 42
U.S.C. § 1983 and is interpreted analogously with § 1983.[3]  Both
statutes provide a vehicle for asserting constitutional claims
against a person acting "under the color of law."  Atkinson has

---

[3] "By its terms, of course, [§ 1983] creates no substantive
rights; it merely provides remedies for deprivations of rights
established elsewhere." City of Oklahoma City v. Tuttle, 471
U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under 42
U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a
right secured by the Constitution and the laws of the United
States [and] that the alleged deprivation was committed by a
person acting under color of state law." Moore v. Tartler, 986
F.2d 682, 685 (3d Cir. 1993).  Like § 1983, NJCRA is a means of
vindicating substantive rights and is not a source of rights
itself. Gormley v. Wood-El, 93 A.3d 344, 358 (N.J. 2014).
Because the NJCRA was modeled after § 1983, and creates a
private cause of action for violations of civil rights secured
under either the United States or New Jersey Constitutions, the
NJCRA is interpreted analogously to § 1983. See Norman v.
Haddon Township, 2017 WL 2812876, at *4 (D.N.J. 2017).
In contrast to § 1983, which provides remedies for the
deprivation of both procedural and substantive rights, N.J.S.A.
10:6-2(c), however, provides remedies only for the violation of
substantive rights. Tumpson v. Farina, 95 A.3d 210, 225 (N.J.
2014).  Because Plaintiff has alleged substantive violations of
his rights, both provisions provide potential vehicles for
relief against the East Greenwich defendants.

moved to dismiss this claim because he is not a government
actor.  Although Plaintiff's complaint asserts his NJCRA count
against "Defendants" collectively, in his opposition to
Atkinson's motion, Plaintiff concedes that his NJCRA count
cannot stand against Atkinson.  (Docket No. 9 at 4 n.2.)  To the
extent that Plaintiff's NJCRA count has been asserted against
Atkinson, it must be dismissed.

### 2. *Plaintiff's claim for false imprisonment*

To prove a claim of false imprisonment, a plaintiff must
allege "(1) an arrest or detention of the person against his or
her will and (2) lack of proper legal authority or legal
justification." Shelley v. Linden High School, 2020 WL 6391191,
at *4 (D.N.J. 2020) (quoting Leang v. Jersey City Bd. of Educ.,
969 A.2d 1097, 1117 (N.J. 2009) (quoting Mesgleski v. Oraboni,
748 A.3d 1130, 1138 (N.J. Super. Ct. App. Div. 2000)).

Defendant Atkinson argues that a claim of false
imprisonment cannot be maintained against him because there is
no allegation that he arrested or detained Plaintiff, and there
is no allegation that he lacked proper legal authority or
justification, *i.e.* acted under the pretense of some right to
detain him.  To the contrary, Plaintiff's complaint pleads those
precise elements:  "Defendant Stanley Atkinson intentionally
confined the Plaintiff without his consent by tackling Plaintiff
to the ground and repeatedly striking him, restricting his

8

movement."   (Docket No. 1 at 11.)

As noted above, simply reciting the elements to prove a violation of law is not sufficient to survive a motion to dismiss.  Twombly, 550 U.S. at 555 (2007) (explaining that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than a formulaic recitation of the elements of a cause of action).  Plaintiff's complaint asserts just enough "more" than simply the elements of a false imprisonment claim to state a viable cause of action.

"The gist of false imprisonment is merely unlawful detention without more."  Earl v. Winne, 101 A.2d 535, 539 (N.J. 1954), cited in Myers v. Atlantic Health Systems, 2017 WL 253846, at *7 (D.N.J. 2017).  Here, Plaintiff claims that Atkinson knocked Plaintiff to the ground and punched him in the face and head repeatedly, thus restraining his ability to move away from Atkinson.  These allegations state a claim for false imprisonment.

The Court recognizes that these allegations somewhat replicate Plaintiff's claim for assault and battery, as every assault and battery results in unlawful detention to a degree - even a split second punch, or a threat of that punch, results in the restricted movement of the victim for that split second. See Shelley, 2020 WL 6391191, at *3 (quoting Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009)) (other

9

citations omitted) ("A person is subject to liability for the
common law tort of assault if: (a) he acts intending to cause a
harmful or offensive contact with the person of the other or a
third person, or an imminent apprehension of such a contact, and
(b) the other is thereby put in such imminent apprehension. . .
. . The tort of battery rests upon a nonconsensual
touching.")); Earl, 101 A.2d at 539 ("False imprisonment is a
wrong akin to the wrongs of assault and battery, and consists in
imposing, by force or threats, unlawful restraint upon a man's
freedom of locomotion.").

But to maintain a claim for false imprisonment, "it has
been repeatedly held in this State and elsewhere that the use of
physical force is not altogether necessary.  The essential thing
is the constraint of the person.  This constraint may be caused
by threats as well as by actionable force, and the threats may
be by conduct or by words."  Earl, 101 A.2d at 539.  Thus, while
every assault and battery results in a form of false
imprisonment, not every false imprisonment constitutes an
assault and battery.  Consequently, because assault and battery
and false imprisonment are independent torts, and Plaintiff has
sufficiently pleaded a false imprisonment claim, it may proceed
against Atkinson in conjunction with Plaintiff's assault and

battery claim.[4]

### 3.    *Plaintiff's IIED claim*

To succeed on a common law cause of action for intentional infliction of emotional distress:

> (1) The plaintiff must prove that defendant acted intentionally or recklessly.  The defendant must intend both to do the act and to produce emotional distress.  A defendant may also be liable when he acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow.

> (2) The plaintiff must prove that the defendant's conduct was extreme and outrageous.  The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

> (3) The plaintiff must prove the defendant's conduct was a proximate cause of the plaintiff's emotional distress.

> (4) The emotional distress suffered by the plaintiff must be so severe that no reasonable person could be expected to endure it.  When conduct is directed at the plaintiff, she need not prove physical injury.  It is sufficient that the conduct produced emotional distress that is severe.

Ingraham v. Ortho-McNeil Pharmaceutical, 25 A.3d 1191, 1194-95,

(N.J. Super. Ct. App. Div. 2011) (quoting Buckley v. Trenton

Saving Fund Society, 111 N.J. 355, 544 A.2d 857 (1988))

---

[4] As noted above, Atkinson has not moved to dismiss Plaintiff's assault and battery claim against him.  The Court further notes that stating two valid theories of relief does not permit double recovery for the same damages.  Maersk Line v. TJM International Limited Liability Company, 427 F. Supp. 3d 528, 538 (D.N.J. 2019) (citing Lo Bosco v. Kure Engr. Ltd., 891 F. Supp. 1020, 1033 (D.N.J. 1995)).

(internal quotations and citations omitted).

Atkinson argues that Plaintiff's IIED count must be dismissed because even accepting Plaintiff's allegations as pled, the conduct alleged does not arise to the level of outrageous conduct sufficient to support a claim of IIED.

In his complaint Plaintiff alleges:

58. Defendants Robostello, Stanley Atkinson, and/or John Does 1-10 intentionally or recklessly acted in with a deliberate disregard of a high degree of probability that Plaintiff would be caused emotional distress.

59. Defendants Robostello, Stanley Atkinson, and/or John Does 1-10 acted in an extreme and outrageous manner, that is, their conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in civilized society.

60. As a result of the conduct of Defendants Robostello, Stanley Atkinson, and/or John Does 1-10, the Plaintiff was caused to suffer extreme emotional distress that no reasonable person could be expected to endure same.

(Docket No. 1 at 11-12.)

Unlike Plaintiff's false imprisonment claim, Plaintiff's IIED claim is deficient because it merely parrots the elements for such a claim without providing any factual support for it to rise to the necessary plausibility level.  Plaintiff lumps together his claims against Robostello and Atkinson without specifying which conduct by which defendant demonstrates the "elevated threshold" of the second factor that is satisfied only in extreme cases.  Ingraham, 25 A.3d at 1195 (citation omitted).

12

Additionally, Plaintiff fails to articulate the nature of his "extreme emotional distress" and how it "no reasonable person could be expected to endure it."[5]  It is logical to assume that an intentional assault and battery may result in severe emotional distress to the victim.  But emotional distress damages is a component of many torts, such as assault and battery and false imprisonment, separate from the extreme emotional distress required for an IIED claim.  See Tarr v. Ciasulli, 853 A.2d 921, 925 (N.J. 2004) ("Beyond a cause of action for emotional distress, our courts have long recognized emotional distress damages as a component of various intentional torts and breach of contract claims.").  The conclusory allegation that Atkinson's actions constituted intentional infliction of emotional distress does not satisfy Rule 8(a) or the Twombly/Iqbal pleading requirements.  Plaintiff's IIED claim must be dismissed.

---

[5] "In determining the severity of the emotional distress, New Jersey courts say that aggravation, embarrassment, an unspecified number of headaches, and the loss of sleep are insufficient to make an IIED claim," but "emotional distress has been considered sufficiently severe where it interferes with day-to-day activities or requires psychiatric counseling." Stolzenthaler v. Showcase Publications, Inc., 2018 WL 3849908, at *2 (D.N.J. 2018) (citing Harris v. Middlesex Cty. College, 801 A.2d 397, 406 (N.J. Super. App. Div. 2002)) (other citation omitted); see also Haselmann v. Kelly Services, Inc., 2006 WL 2465420, at *18 (D.N.J. 2006) ("Plaintiffs must assert that they sought treatment for their alleged distress." (citing cases)). Plaintiff's complaint is silent as to the nature of his alleged emotional distress.

<u>**CONCLUSION**</u>

In addition to Plaintiff's assault and battery and negligence counts against Atkinson, Plaintiff's count for false imprisonment may go forward.[6]  Plaintiff's claim for intentional infliction of emotional distress will be dismissed without prejudice.[7]

An appropriate Order will be entered.


Date: _March 5, 2021_              ___s/ Noel L. Hillman___
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[6] As explained above, Plaintiff's NJCRA count is only advanced against the East Greenwich defendants.

[7] Plaintiff requests that if any of his claims are dismissed, he should be granted leave to file an amended complaint to attempt cure any pleading deficiencies.  The Court recognizes that the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and directs that if Plaintiff wishes to replead his count for intentional infliction of emotional distress against Atkinson, Plaintiff must comply with Local Civil Rule 15.1(a) by filing a motion and attaching "a copy of the proposed amended pleading," which "shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added."